UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVA NOEL, STEPHANIE NOEL, § | |
| DANY LAFORTUNE, GABY § | |
| MARTIN, ELIJHA BRAZIL, § | |
| FRANCOIS RODRIGUE, § | No.  1:24-CV-00110-DAE |
| *Plaintiffs* § | |
| § | |
| v. § | |
| § | |
| WORKRISE TECHNOLOGIES § | |
| INC., HCS RENEWABLE § | |
| ENERGY LLC, § | |
| *Defendants* § | |

**ORDER**

Before the Court is Defendants Workrise Technologies Inc. and HCS Renewable Energy LLC's Opposed Motion to Seal Plaintiffs' Complaint, Dkt. 7, which the District Judge referred to the undersigned for disposition. Defendants' motion asks the Court to seal Plaintiffs' Complaint, Dkt. 1, and to order Plaintiffs to file a redacted version of the Complaint, redacting ¶¶ 85-87 and the screenshot that precedes those paragraphs, arguing that the screenshot and paragraphs improperly rely on documents designated as confidential in a related case, *Michel v. Workrise Techs. Inc.*, No. 1:21-CV-681-DH (W.D. Tex.).

Indeed, Plaintiffs' use of this material in this case led Defendants to file a motion in the *Michel* case asking the Court to hold Plaintiffs' law firm in contempt for violating the Court's order upholding these confidentiality designations.[1] *Michel*,

---

[1] The same firms represent Plaintiffs and Defendants in this case and in the *Michel* case.

Dkt. 132. Before the Court could address that motion on the merits, Defendants agreed to withdraw the motion, and the Court entered an order mooting the motion. *Michel*, Dkt. 194. As the Court observed in that order:

> In the undersigned's view, the parties are not the only stakeholders to the concerns raised in Defendants' motion, considering it accuses Plaintiffs' attorneys of possibly willfully violating this Court's order to maintain the confidentiality of certain documents Defendants produced in discovery. Nonetheless, in a showing of support for the parties' cooperative spirit, the Court will accept their agreement to drop this dispute.

*Id.* at 2.

And while the parties agreed to drop that dispute in the *Michel* case, in a status-conference call, when asked if their agreement likewise mooted Defendants' motion in *this* case, the parties indicated—to the surprise of the undersigned—that it did not. So, the Court set the motion for hearing. Dkt. 19. In the Joint Advisory filed by the parties just before this hearing, however, the parties indicated that they had worked out their differences after all—Defendants agreed to withdraw their challenge to the narrative text in exchange for Plaintiffs' agreement to "[r]emov[e] the picture in paragraph 84 [i.e., the disputed screenshot] from the public record." Dkt. 24, at 1. The parties further agreed to "defer to the Court on whether the Original Complaint containing the picture should be sealed or whether the clerk's office can withdraw the Original Complaint containing the picture and replace it with the revised version from Plaintiffs." *Id.* at 2. Accepting this agreement, the Court enters the following ruling and orders.

Based on the parties' representations, the Court **MOOTS** Defendants' Opposed Motion to Seal Plaintiffs' Complaint, Dkt. 7, and **CANCELS** the hearing set by the order at Dkt. 19.

The Court **ORDERS** the Clerk of the Court to **SEAL** Plaintiffs' Complaint, found at Dkt. 1.

The Court **FURTHER ORDERS** Plaintiffs to file a First Amended Complaint within two weeks of this order without including the disputed screenshot, as agreed in the parties' Joint Advisory.

SIGNED August 20, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

3